## SPAULDING v. GOLDSMITH.

(City Court of New York, General Term. April 25, 1898.)

EVIDENCE—DECLARATIONS OF THIRD PARTY.

    At the trial of an action the plaintiff, who had been a witness in a previous action between the defendant and a third party, was allowed to testify, against objection, that a certain S., "a friend of the defendant," had had a conversation with him, in the absence of defendant, and had "offered him money" in connection with his testimony in the previous action. *Held*, that the admission of this testimony, which pointed to bribery and corruption, and interjected a new issue, was reversible error.

Appeal from trial term.

Action by Robert B. Spaulding against Jonas G. Goldsmith. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Meyers, Goldsmith & Bronner, for appellant.
Straley, Hasbrouck & Schloeder, for respondent.

CONLAN, J. This is an appeal by the defendant from a judgment entered in favor of the plaintiff, and from an order made denying the defendant's motion for a new trial. The action is based upon the allegation that the defendant is indebted to the plaintiff in the sum of $300 for work, labor, and services in the sale of a certain business known as the Goldsmith Piano & Organ Manufacturing Company, as broker in the sale thereof, which labor and services were performed by the plaintiff between the 1st day of March and the 20th day of March, 1898, and for which defendant agreed to pay plaintiff the sum of $300. The defense interposed is a general denial. We think the ruling of the court at folio 71 was error. The plaintiff, to maintain his cause of action, testified that about March, 1891, while he was in the employment of the defendant, defendant told him that if he would sell his piano business he would pay him 10 per cent. of the amount of the selling price; that he subsequently introduced one Bridger to the defendant, and that Bridger purchased the business for $3,000. The defendant denies the agreement to pay the commission, as well as that the plaintiff procured a purchaser. It further appears that shortly after the purchase by Bridger an action was commenced by him against the defendant to set aside the bill of sale, and that the plaintiff herein was a witness on the trial of that action. Upon the trial of this case, and while the plaintiff was testifying in his own behalf, the following took place:

"Q. By the Court: What did you receive as your part of the recovery, or what, if anything, were you paid by any person for testifying in the Bridger

case? A. I was not paid anything. I received nothing. By Defendant's Counsel: No person was paid for him. Q. Directly and indirectly, you did not receive a cent, nor did any one receive a cent, for what you did? A. No, sir; but I was offered money by your client and his friend. Q. You now mean Goldsmith? A. Mr. Goldsmith's friend, Mr. Stone. Q. Was Mr. Goldsmith present when it was offered you? A. No, sir. It was in Stone's office, and I was sent for early in the morning. Defendant's Counsel: I ask to strike out what he says in regard to a conversation with Stone. Plaintiff's Counsel: I oppose that. The Court: You are testing this man's credibility. You are endeavoring to show him to be one who is testifying for money, and he has a right to testify as he does. I deny the motion. (Defendant's counsel excepts.)"

The testimony as to what the plaintiff said in the absence of defendant should have been stricken out. Allowing it to remain made the calling of Stone necessary, and the interjection of a new issue in the case, as appears by the testimony subsequently offered. The testimony points towards bribery and corruption on the part of the defendant, and must, to some extent, have affected the minds of the jury. Entertaining these views above expressed, it will not be necessary to consider the other points argued by appellant.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.